**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

WILBERTH GABRIEL MONTANA VARGAS,

    Petitioner,

      v.

SAMUEL OLSON, et al.,

    Respondents.

No. 26 CV 1204

Judge Manish S. Shah

**ORDER**

The motion to reconsider [12] is denied.

**STATEMENT**

Petitioner Wilbreth Gabriel Montana Vargas moves to reconsider the denial of his petition for a writ of habeas corpus. Montana Vargas cites Fed. R. Civ. P. 60, but because the motion asserts an error of law and was filed within 28 days of entry of judgment, I review it under Fed. R. Civ. P. 59(e) and consider whether I committed a manifest error of law. *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 953–54 (7th Cir. 2013),

Montana Vargas had been paroled into the United States in 2023, and the government revoked his parole in 2025. But he was not detained until 2026. I denied his petition after concluding that Montana Vargas's status as a revoked parolee distinguished him from other recent petitioners who had been present in the United States without ever submitting for inspection or presenting at a port of entry. Under the immigration statutes, Montana Vargas was an arriving alien seeking admission (not merely a passive applicant for admission), because he was a revoked parolee. Relying on the entry fiction, I placed Montana Vargas in the category of persons subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). Although certainly debatable, I am not persuaded that I made a manifest error of law or fact in arriving at that conclusion.

I did not reach Montana Vargas's constitutional argument for issuance of the writ; namely, that his detention is unconstitutional because it violates due process. A court has held that a similar petitioner was entitled to the writ on constitutional grounds. *Buendia Renteria v. Olson*, No. 26 CV 374, Dkt. No. 11 (N.D. Ill. Jan. 27, 2026). The constitutional issue is not without some pull, because Montana Vargas

was—as a matter of fact or physical reality—a person present in the United States for months and not at the border seeking entry. The government took no action to detain him "forthwith." Instead, it sat on its hands while Montana Vargas lived his life in the United States. "The Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). But persons granted immigration parole are, as a categorical, legal matter, not here at all; they are still at the border applying for entry. *See Leng May Ma v. Barber*, 357 U.S. 185, 188–89 (1958) (immigration parole gave no foothold in the United States); *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 139 (2020) (noncitizens who arrive at ports of entry—even those paroled elsewhere in the country for years pending removal—are treated for due process purposes as if stopped at the border). "Constitutional protections available to persons inside the United States are unavailable to aliens outside of our geographic borders." *Zadvydas*, 533 U.S. at 693 (citing *United States v. Verdugo–Urquidez*, 494 U.S. 259, 269 (1990) (Fifth Amendment's protections do not extend to aliens outside the territorial boundaries)). As a revoked parolee, Montana Vargas did not have constitutional due-process protections available to him. Again, this point is debatable especially in light of the harsh manner in which the government exercised its power over Montana Vargas. But as a matter of reconsideration after entry of judgment, I conclude that any error on my part is one for appellate review and correction.

Petitioner's arguments are effectively the same arguments for release as he asserted in his original petition. Having resolved those arguments once with finality, the next step is appellate review, not a second round in the district court.

ENTER:

Manish S. Shah
United States District Judge

Date: April 6, 2026